## OLIVER v. BROWN.

1. Where both parties to an action for land claimed under deeds from a common grantor, and the plaintiff's right to recover depended entirely upon the question whether or not the land in dispute was embraced in the description contained in his deed, and there was testimony which, if true, showed that his contention in this respect was well founded, it was erroneous to direct a verdict for the defendant, even though the evidence on this point apparently preponderated in the latter's favor.

2. The common grantor being a county, it was, in the trial of such action, improper to allow county commissioners by whom the plaintiff's deed had been signed, or the county surveyor, to testify that it was not thereby intended to convey to the grantee the land in dispute, there being no ambiguity in the description of the premises.

Submitted June 22,—Decided August 4, 1897.

Complaint for land.   Before Judge Reese.   Elbert superior court.   December 19, 1896.

*Hamilton McWhorter* and *W. D. Tutt*, for plaintiff.

COBB, J.   Oliver sued Mrs. Brown to recover possession of a strip of land in the town of Elberton.   The title of both parties was derived from the county of Elbert.   The controversy was as to whether the plaintiff's deed from the county embraced the land in dispute.   There was some evidence tending to prove that such was the case, but the preponderance of the evidence apparently was in the defendant's favor.   The court directed a verdict for the defendant; and a motion for a new trial filed by the plaintiff being overruled, he excepted.

1. The parties at issue both claiming under a common grantor, and the question involved being whether the strip of land in dispute was embraced in the plaintiff's deed or in the defendant's deed, and there being some evidence, though slight, that the description in the plaintiff's deed embraced the land in dispute, the court should not have directed a verdict against him, although the decided preponderance of the evidence was in favor of the defendant's contention.

2. The deed from the county commissioners to the plaintiff being unambiguous as to the description of the premises conveyed, parol evidence was not admissible to show that it was not the intention of the officers signing the deed in behalf of the county to convey certain land which it was claimed was embraced within the description contained in the deed.   It was therefore error in the court to allow the county commissioners who signed the deed, and the county surveyor who made the plat of the land conveyed, to testify that the land in dispute was not intended to be conveyed to the grantee.

*Judgment reversed.   All the Justices concurring.*